**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| MARCUS HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01345-O-BP |
| | § | |
| ACE PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 1, 2025, *pro se* Plaintiff Marcus Harris filed a complaint against Defendants ACE Property & Casualty Insurance Company ("ACE"), Chubb Insurance Company ("Chubb"), and Norton Rose Fulbright US LLP ("NRF"), asserting claims of defamation, defamation per se, abuse of process, negligence and gross negligence, civil conspiracy, and intentional infliction of emotional distress. ECF No. 1. In that complaint, he asserts that "[j]urisdiction is proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are completely diverse." *Id.* at 2.

However, as the Court explained by order dated March 19, 2026, Harris has not affirmatively and distinctly alleged facts demonstrating that the Court has subject-matter jurisdiction over the case. ECF No. 14. In particular, the Court noted that Harris has not sufficiently alleged facts concerning his own citizenship or that of any other party. *Id.* In the absence of these facts, the Court cannot conclude that complete diversity of citizenship between the parties exists.

This omission is critical because diversity of citizenship is a requirement for the Court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a). And here, because Harris does not allege

federal question jurisdiction, his factual omissions also leave the Court unable to determine whether it has any subject-matter jurisdiction at all. Without subject-matter jurisdiction, this case cannot proceed. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)

In an attempt to remedy the deficiency in Harris' complaint, the Court ordered him to file a response containing enough facts to establish that the Court has subject-matter jurisdiction over the case. ECF No. 14. The Court ordered Harris to file that response on or before April 2, 2026, and specifically cautioned him that if he did not do so, that failure could result in a recommendation that Chief United States District Judge Reed O'Connor dismiss the case without prejudice. *Id.*

The filing deadline has now come and gone, and dismissal without prejudice is appropriate. Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, despite the Court specifically cautioning Harris about the potential consequences of his non-compliance, Harris has nonetheless not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to prosecute his own case.

Because of these circumstances, and because the Court cannot proceed in this case without being satisfied that it has subject-matter jurisdiction, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS without prejudice** Harris' case for failure to prosecute and failure to comply with the Court's order under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district 6 court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days)

**SIGNED** on April 6, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE